# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1899.

---

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
LESLIE BROOKS, PLAINTIFF IN ERROR.

Submitted March 20, 1899—Decided June 12, 1899.

The provisions of section 2 of the act commonly known as the Werts act (*Gen. Stat.*, p. 1810), which make liable to indictment any person who sells any of the liquors named in the title and body of that act, in any quantity from one quart to five gallons without license for that purpose, were neither expressly nor impliedly repealed by the provisions of the "Act for the punishment of crimes" (Revision of 1898), approved June 14th, 1898 (*Pamph. L.*, p. 794). Indictments for the unlicensed sale of such liquors in the specified quantities may be found and prosecuted.

---

On error to the Cumberland Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff in error, *Thomas W. Trenchard* and *Samuel Iredell.*

For the state, *William A. Logue*, prosecutor of the pleas.

359

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    The record brought up by this writ of error discloses an indictment against defendant found at the October Term, 1898, containing several counts.    Each count charged him with the sale of one gallon of various specified spirituous, vinous, malt and brewed liquors without license for that purpose, between January 1st, 1898, and the day of the finding of the indictment.

A single bill of exception is brought up with the record.    It shows that upon proof that defendant had sold beer in greater quantity than one quart, without a license for that purpose, the court charged that the jury would be justified in finding him guilty as charged in the indictment.    The only assignment of error is based upon this exception.

The contention of the plaintiff in error is that since the "Act for the punishment of crimes" (Revision of 1898), approved June 14th, 1898 (*Pamph. L., p.* 794), took effect, the unlicensed sale of beer in quantities greater than one quart constitutes no criminal offence.

The act in question took effect on July 4th, 1898.    As the indictment covers a period before and after that date, the question argued must be considered because the bill of exceptions does not fix the date of the sales proved to have been made by plaintiff in error.    By the "Act to regulate the sale of spirituous, vinous, malt and brewed liquors, and to repeal 'An act to regulate the sale of intoxicating and brewed liquors,' passed March 7th, 1888," approved March 20th, 1889 (*Gen. Stat., p.* 1810), the unlicensed sale of the liquors mentioned in its title in quantities from one quart to five gallons was made a criminal offence.    This resulted from the provisions contained in section 2 and section 3 of the act.

The contention is that section 66 of the Crimes act of 1898, which reads thus, " It shall not be lawful for any person without license for that purpose first had and obtained, to sell or to permit to be sold any vinous, spirituous or malt liquors, wine, rum, gin, brandy or other ardent spirit, or any composition of which any of the said liquors shall form the

chief ingredient, except such as shall be compounded and intended to be used as medicine, by less measure than one quart, or any mixed liquors by less measure than five gallons, and any person so offending shall be guilty of a misdemeanor," has repealed or superseded the provisions of section 2 and section 3 of the former act.

Neither the act of 1894 above referred to and commonly called the Werts act, nor any other act which I have been able to discover, provides for a license to sell "mixed liquors" in less quantities than five gallons. It does not seem possible to discover the meaning of so much of section 66 as relates to the unlicensed sale of mixed liquors.

But the contention is that the provisions of section 66 have repealed the pertinent provisions of the Werts act, either by the express repealer of all acts and parts of acts inconsistent with the provisions of the act of 1898, contained in section 222, or because of the repugnancy between its provisions and those of the Werts law respecting unlicensed sales.

These contentions raise the same question, for, if the provisions of section 66 are repugnant to those of the Werts act or inconsistent therewith, they undoubtedly are repealed. Two inconsistent acts cannot stand. The latter act will be deemed to repeal the former, but if by reasonable construction both can be upheld, the latter will not operate as a repealer of the former. *Britton* v. *Blake*, 6 *Vroom* 208. The repeal of statutes without express words is not favored and such repeal will not be recognized unless the inconsistency between the prior and the subsequent statutes is clear. *Golding* v. *Chambersburg*, 8 *Id.* 258. Such repeal of a prior statute extends only so far as the subsequent statute is repugnant to and incompatible with the provisions of the former. *Trustees* v. *Trenton*, 3 *Stew. Eq.* 667.

If the provisions of section 66 of the act of 1898 are not incompatible with the provisions of the second and third sections of the Werts act, the latter may be considered as remaining in force. Whether the provisions of section 66 are

compatible or not may be considered in connection with the remaining contention on the part of the plaintiff in error.

This claim is that the provisions of the act of 1898 indicate that the legislature designed to create a complete scheme for the punishment of crime, and thereby declare that whatever was provided for by the new law should be in force and whatever was excluded therefrom should cease to be in force. *Roche* v. *Jersey City*, 11 *Vroom* 257.

The claim is that the offence created by the second section of the Werts act has been excluded from the legislative scheme.

The repeal of legislative acts by subsequent repugnant or inconsistent legislation or by an inference of intention to substitute the new law for the old, has been the subject of consideration lately in the Court of Errors. The opinion by Mr. Justice Garrison covers the whole subject and renders unnecessary any further discussion. *Freeholders of Essex* v. *Park Commission*, 33 *Vroom* 376. The rule laid down is that the intention to supersede the old law by the later legislation must appear by some affirmative indication justifying the inference of such intent.

The legislative purpose indicated in the Werts act was the regulation of the sales of intoxicating liquors. The mode of regulation was by licenses of different sorts. The mode of enforcing the regulation was by the penalties enacted for unlicensed sales. The enactment of the penalty was incidental to the main purpose of that legislation.

As the penalty designed to enforce the purpose of the Werts act was inflicted through an indictment for the statutory crime created thereby, the Crimes act of 1898, so far as it provides a similar penalty for enforcing the licensed scheme contained in the Werts act, no doubt supersedes it.

Thus the penalty affixed for the unlicensed sale of such liquors in less measures than a quart prescribed by provisions of section 66 would seem to take the place of the penalty prescribed by the first section of the Werts act in respect to such sales. With respect to the offence created by the second section of the Werts act the Crimes act of 1898 is

silent. The provision for a penalty for the sale of mixed liquors in less measure than five gallons is inapplicable to the Werts act, because no license for such sale was provided. Searching for the legislative intent in this apparently un-meaning clause and in the silence of the act in respect to the offence created by section 2 of the Werts act, I think it cannot be inferred that the legislative scheme in respect to crimes excluded the statutory offence created by that section, because this would compel us to find that the legislature intended that the license feature of sections 2 and 3 of that act should be shorn of any penalty for its enforcement and rendered of no avail. In other words, the legislative scheme in the act of 1898 did not encroach upon or nullify the legislative scheme for the regulation of the sale of intoxicating liquors contained in the Werts act, except to the extent of its application thereto.

The result is that the judgment below must be affirmed.

The like determination is reached in the case of State of New Jersey, defendant in error, *v.* Gustave Schou, plaintiff in error, in which the same question discussed in the above case was argued.