### THE STATE v. WILLIAM R. HAM.

Submitted July 10, 1899—Decided November 13, 1899.

1. The twelfth section of the Werts law (*Gen. Stat.*, p. 1813, *pl.* 142) is not inconsistent with section 66 of the act of 1898 (*Pamph. L.*, p. 812) and is not thereby repealed.
2. Where an indictment alleges an illegal sale of liquor to have been made in one municipality, proof that the sale was made in another municipality will not justify a conviction.

---

On error to the Monmouth Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the state, *Wilbur A. Heisley,* prosecutor of the pleas.

For the defendant, *R. Ten Broeck Stout.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The defendant was indicted under section 12 of the Werts law (*Gen. Stat., p.* 1813, *pl.* 142), passed March 20th, 1889.

Section 142 provides that it shall be lawful for druggists to sell liquor by less measure than one quart, without license, if compounded or sold upon the prescription of a reputable physician, and declares that a sale contrary thereto shall constitute the offence of keeping a disorderly house.

The sixty-sixth section of the act of 1898 (*Pamph. L., p.* 812) provides that it shall not be lawful for any person without license to sell in less quantity than one quart except such as shall be compounded and intended to be used as medicine.

This is not inconsistent with the provision of the twelfth section of the act of 1889.

It excepts from its operation liquor in less quantity than one quart compounded and intended to be used as medicine, but still leaves in force the provision of the act of 1889 requiring the sale by a druggist to be upon the prescription of a reputable physician.

It was substantially a declaration by the lawmaker that the law of 1898 was not intended to apply to a sale of liquor compounded and intended to be used as medicine, but that as to such a sale the law of 1889 shall remain unchanged. *Brooks* v. *State,* 34 *Vroom* 359.

The indictment was therefore correctly framed under the twelfth section of the Werts law in accordance with the Daly act (*Gen. Stat., p.* 1101, *pl.* 273), which requires the indictment to be for selling without license, but provides that the

punishment shall be that prescribed for keeping a disorderly house.

The offender is subject to punishment under section 192 of the Crimes act and not under section 60.

The indictment charges that the illegal sale was made in the township of Neptune. The evidence is that the sale was in Asbury Park, without any evidence to show that Asbury Park is part of the township of Neptune.

By the public laws of 1897 (*Pamph. L., p.* 108) it appears that "Asbury Park" was incorporated as a city on the 25th of March, 1897, the act taking effect immediately.

While that act provides no form of government for Asbury Park, it is left to adopt a form of government under the general laws applying to cities, and we think, therefore, the presumption should be that it has adopted a government in accordance with the laws of the state, and that it is a city in fact and in name.

Under the case of *Buck* v. *State*, 32 *Vroom* 525, the failure to prove that the crime was committed in the township of Neptune as alleged in the indictment is fatal.

The judgment should therefore be set aside.