## STATE v. WILLIAM R. HAM.

Submitted July 3, 1900—Decided November 12, 1900.

1. The general rule is that courts will refuse to quash an indictment, unless the reason for quashing it is entirely clear.
2. The interlocutory proceedings of a Court of Quarter Sessions upon a valid indictment should not be brought into the Supreme Court for review before final judgment.

On *certiorari* to the Monmouth Quarter Sessions.

Before Justices DIXON, GARRISON and COLLINS.

For the state, *John E. Foster,* prosecutor of the pleas.

· For the defendant, *R. Ten Broeck Stout.*

The opinion of the court was delivered by

DIXON, J. The defendant was convicted in the Monmouth Quarter Sessions on an indictment charging that he, being a druggist having a store on the west side of Main street, in the township of Neptune, in the county of Monmouth, had sold to one French in said store four bottles of lager beer, being less than one quart, without having a license for that purpose and without having the prescription of a physician therefor. On writ of error this court held that the indictment was cor-

rectly framed, but reversed the conviction because the proof was that the place of sale lay, not in Neptune township, but in the city of Asbury Park (*State* v. *Ham*, 35 *Vroom* 49), and then remitted the record to the Sessions to be proceeded in according to law.

Afterwards, on February 9th, 1900, the Sessions ordered that the indictment be amended by substituting the words "city of Asbury Park" for the words "township of Neptune" in the indictment, and the cause was set down for trial on March 1st, 1900. Thereupon another *certiorari* was allowed to bring the indictment and the order of amendment into this court, and now the defendant moves to quash the amended indictment or else to set aside the order to amend.

Neither motion should prevail.

Section 34 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866) provides that "whenever, upon the trial of any indictment, there shall appear to be any variance between the statement therein and the evidence offered in proof thereof in the name of any county, city, township or other place mentioned or described in such indictment,  *   *   *   it shall be lawful for the court, before which trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence on such merits, to order such indictment to be amended according to the proof, on such terms as to postponing the trial, to be had before the same or another jury, as such court shall think reasonable."

Whether this statutory provision is constitutional; whether it is applicable to a case like the present, and whether this order to amend was made at the proper time, are questions about which there is fair ground for difference of opinion. They should, therefore, not be decided adversely to the state on a motion to quash, for "the general rule is that courts will refuse to quash unless upon the clearest and plainest ground, but will leave the defendant to a demurrer, or motion in arrest of judgment, or writ of error." *Proctor* v. *State, 26 Vroom* 472.

With regard to the order: This court having previously

ordered that this indictment should be remitted to the Sessions to be proceeded in according to law, and that court being a court of record competent to try the defendant thereon and render final judgment for or against him, the record ought not to have been again removed thence to this court to test the legality of any interlocutory proceeding until final judgment had been given. *Hinchman* v. *Cook, Spenc.* 271; *Potter* v. *Fritz,* 25 *Vroom* 436.

Let the record be again returned to the Sessions, to be there proceeded upon until final judgment be rendered.