JOHN R. HARDIN, RECEIVER, PROSECUTOR, v. J. WILLARD MORGAN AND STATE BOARD OF ASSESSORS.

Argued November 4, 1903—Decided February 23, 1904.

1. Under the act approved February 19th, 1901 (*Pamph. L., p. 31*), there were four requisites to entitle a manufacturing or mining corporation to exemption from the state franchise tax—*first*, that at least fifty per centum of the capital stock of the corporation, issued and outstanding on January 1st next preceding the annual return, shall be invested in manufacturing carried on within this state; *second*, that the annual return to the state board of assessors shall state where the manufactory is located and the character of the goods manufactured; *third*, the total

amount of its capital embarked in the business of manufacturing and the amount of the capital stock actually employed in New Jersey; *fourth,* that the annual return to the state board of assessors shall have been made on or before the first Tuesday of May in each year.

2. Exemption from taxation is a favor, and the statutes under which it is allowed must be strictly complied with. Compliance is a condition precedent to the right of exemption.

On *certiorari.*

Before Justices FORT and PITNEY.

For the prosecutor, *William R. Barricklo* and *Charles C. Black.*

For the defendants, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

FORT, J. This writ brings up an assessment for taxes, laid by the state board of taxation against the United States Carbonate Company for the year 1901. This company failed and the prosecutor is the receiver thereof appointed by the Court of Chancery. The company claims exemption from the tax assessed because it had, at the time it was assessed, more than fifty per centum of its capital invested in manufacturing in the state, pursuant. to the provisions of the statute. *Pamph. L.* 1901, *p.* 31.

It has been the policy of the state, as evidenced by the statutes relating to the taxation of domestic corporations, to exempt from a franchise tax all manufacturing corporations having fifty per centum of their capital invested in manufacturing in this state. The original act imposing a franchise tax on manufacturing corporations contained such an exemption clause. *Pamph. L.* 1892, *p.* 136, § 4; *Gen. Stat., p.* 3337, § 260.

It was held in this court that the act of 1892 did not fix any date upon which the capital stock was to be taxed, but such date was declared to be the date the act was approved,

thus fixing the date as of April 18th in each year.  *Brewing Company* v. *State Board,* 36 *Vroom* 466.

By the act approved February 19th, 1901, it is provided that "all corporations incorporated under the laws of this state, other than those which are subject to the payment of a state franchise tax, assessed upon the basis of gross receipts, shall make annual return to the state board of assessors on or before the first Tuesday of May in each year." *Pamph. L.* 1901, *p.* 31, § 1.

This made the date for the annual return of all corporations conform to that fixed by the original act of 1884 for assessing certain corporations. *Pamph. L., p.* 232, § 2. It also fixed the date for the return by corporations liable under the act of 1902, *supra,* and fixed the first Tuesday in May as the limit of time for the annual return under that act, instead of April 18th, fixed in the opinion in *Brewing Company* v. *State Board, supra.*

All corporations required to make a return must now make return "on or before the first Tuesday of May in each year."

What shall be stated in the return is pointed out in the act of February 19th, 1901. The capital stock is to be returned in the report as "issued and outstanding on the first day of January preceding the making of said return."

All corporations within the act, it declares, "shall pay an annual license fee or franchise tax of one-tenth of one per centum on all amounts of capital stock so issued and outstanding, up to and including the sum of three million dollars;   *   *   *   *provided,* that this act shall not apply to manufacturing or mining corporations at least fifty per centum of whose capital stock, issued and outstanding, is invested in mining or manufacturing carried on within this state, *and which mining or manufacturing corporations shall have stated in the annual return* to the state board of assessors where the mine or manufacturing establishment of such corporation or corporations is or are located, the character of the ores mined or the goods manufactured, the total amount of its capital stock embraced in the business of mining or

manufacturing and the amount of the capital stock actually employed in New Jersey in carrying on such mining or manufacturing business." *Pamph. L.* 1901, *p.* 31, § 1.

It will be noted that the act of 1901 imposed additional requirements upon manufacturing and mining corporations to entitle them to exemption from the franchise tax over those imposed by the act of 1902. *Supra.*

Four things at least are now necessary to secure exemption from the state franchise tax.

*First.* That at least fifty per centum of the capital of the company, issued and outstanding on January 1st next preceding the annual return, shall be invested in manufacturing carried on within this state.

*Second.* That the annual return to the state board of assessors shall state where the manufacturing is located and the character of the goods manufactured.

*Third.* The total amount of its capital stock embarked in the business of manufacturing and the amount of capital stock actually employed in New Jersey.

*Fourth.* That the annual return to the state board of assessors shall be made on or before the first Tuesday in May of each year.

The right to exemption is a matter of grace which the statute confers upon a compliance with its requirements. It is essential to secure the exemption that it shall be applied for within the time and in the manner pointed out by the statute, otherwise the exemption is lost. *Flower Hill Cemetery* v. *North Bergen,* 39 *Vroom* 488.

Exemption from taxation is a favor, and the statutes under which it is allowed must be strictly complied with. Compliance is a condition precedent to the right of exemption. In the case before us the corporation failed to make its return, in the manner required by the statute, on or before the first Tuesday in May of 1901, and hence the tax assessed against it as of the first day of January, 1901, is valid and is affirmed.