THE STATE, UNION WAXED AND PARCHMENT PAPER COMPANY, PROSECUTOR, v. STATE BOARD OF ASSESSORS AND J. WILLARD MORGAN, COMPTROLLER.

Submitted December 12, 1905—Decided June 11, 1906.

1. Exemption from taxation is a favor, and, to be secured, must be applied for in the manner designated in the statute providing for the exemption.
2. Failure by a corporation to apply for the vacation of an assessment, made by the state board of assessors on its capital stock issued and outstanding, for three or more years after it was laid and paid, is such laches as will bar a right to relief on *certiorari*.

On *certiorari*.

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *Lucius L. Gilbert* and *John W. Griggs.*

For the respondents, *Robert H. McCarter*, attorney-general, and *Theodore Backes.*

The opinion of the court was delivered by

FORT, J.   The writ in this case brings up assessments for the years 1901, 1902 and 1903 against the prosecutor. The assessments were made by the state board of assessors upon the capital stock of the prosecutor, by way of a franchise tax, pursuant to statute.

The first ground of objection to the assessment is that the prosecutor is entitled to exemption from the entire tax laid in each of the years in question because it is a manufacturing company having at least one-half of its capital stock, issued and outstanding, invested in manufacturing carried on within this state.

If this were true, and it so appeared by its return made to the state board of assessors, the prosecutor would be entitled to the exemption.

But this court has held that since the passage of the supplement of February 19th, 1901 (*Pamph. L., p.* 31), to the General Franchise Tax act, approved April 18th, 1884, that no exemption could be made to a manufacturing company unless the requirements in the act of February 19th, 1901, entitling such companies to exemption, had been complied with, in the return made, prior to May 1st, in each year. No such return as that was made in this case. On the return the assessments laid were rightly laid. The return showed no facts to entitle the prosecutor to exemption as a corporation having at least fifty per cent. of its capital invested in this state. *Hardin* v. *Morgan,* 41 *Vroom* 484; *S. C. affirmed,* 42 *Id.* 342.

Exemption from taxation is a favor, and to be secured must be applied for in the manner designated in the statute providing for the exemption. *Flower Hill Cemetery Co.* v. *North Bergen,* 39 *Vroom* 488; *S. C. affirmed,* 41 *Id.* 338.

It is also contended that the franchise tax assessed should be reduced because the company made an error in its return in stating that the capital stock issued and outstanding on January 1st, 1901, was $1,800,000, when it was in fact but $1,450,000.

Whether such an error, if one be made as here claimed, can be corrected, on *certiorari,* after the tax is assessed on the basis of the return by the corporation since the act of February 19th, 1901, *supra,* need not now be determined, and is not decided.

Under the facts in this case it appears that at the time the returns in question were made to the state board of assessors the stock stated as issued was actually issued. It was standing in the name of certain persons, as trustees, to whom the certificates had been issued. It also appears that the trustees have assigned the certificates in blank, and delivered them to someone who is said to hold them for the company, yet they are, nevertheless, so far as the company is concerned, if it sees fit to so treat them, issued and outstanding. By its report to the state it has so treated them, and has returned the whole $1,800,000 of capital stock as issued and outstanding.

But there is another ground fatal to this application. These taxes were levied as of January 1st, 1901, 1902 and 1903, respectively. The returns by the prosecutor were made before the 1st day of May, in each year, as required by statute. The writ in this case was not applied for until November 2d, 1904, and after the taxes had been paid to the state; all this time elapsed before the writ was applied for. During all this time the law was the same as at the date of the application for the writ, and the prosecutor had notice of it printed upon the face of the paper upon which it made its return.

It seems to us to be clearly in laches. *Pompton Steel Co. v. Wayne, 36 Vroom* 487.

The application to set aside the tax is denied, without costs to either party as against the other.