STATE BOARD OF TAX APPEALS.

## CITY OF NEWARK, PETITIONER, v. GENERAL MOTORS SALES CORPORATION, FRIGIDAIRE DIVISION, RESPONDENT.

Decided June 18, 1940.

For the petitioner, *James F. X. O'Brien* (by *Vincent J. Casale*).

For the respondent, *Robert M. Clark*.

QUINN, President. The assessing authorities of the petitioner taxing district levied a personal property assessment against respondent, for the year 1938, in the sum of $80,000. The Essex County Board of Taxation reduced this valuation to the sum of $5,000, and the city appeals to restore the original assessment.

At the hearing respondent's comptroller identified certain reports alleged to have been filed by respondent with the assessors of the city, purporting to set forth the company's taxable property in the city, and its claim for exemptions, as follows:

At *No.* 554 *Broad Street*
    Cash   . . . . . .         . . .      .     $65.00
    Furniture and equipment . . . .     2,568.93
    Parts . . . . . . . . . . . . . . . . . .     263.00

                                $2,896.93

*Exempt Property*
  At *No.* 110 *Edison Place*
    Frigidaire parts and units . .     .   $5,620.00

The existence, contents, and filing of these reports or claims were not adequately proved at the hearing, nor were they put in evidence. But for purposes of this opinion we take them as represented by counsel.

Said comptroller further testified, however, that on the assessing date the company was in possession of $80,000 worth of frigidaires at 110 Edison Place. This indicates that respondent was in possession of property located within the taxing district, to the total value of $82,896.93.

Respondent contends that its property at 110 Edison Place was exempt from taxation, as stored in a warehouse for hire, under *R. S.* 54:4-3.20. But the right to exemption is dependent upon compliance on the part of the taxpayer with *R. S.* 54:4-15, to the effect that:

"No allowance or deduction shall be made for personal property or securities claimed to be exempt from taxation, unless a sworn claim therefor shall be made, setting forth a detailed list of the securities and personal property claimed to be exempt, the dates when they were purchased, and that they were not purchased with intent to escape taxation."

The testimony at the hearing as to the contents of the statutory claim for exemption indicates that it took this form, in part:

"No. 19 on said Report (Return) at $5,620. The Personal Property which this Item in Return is intended to cover consists of the following, viz.: 'Frigidaire Parts, $5,140, Sealed-in-Units $461, Installation Material $19.' Total $5,620. The valuations of this property as immediately hereinbefore stated are the full and fair value of the property,

'as of October 1st, 1937,' as determined by an evaluation of the same."

This can be considered a detailed list of the property claimed to be exempt, only in the sense of a claim for $5,620 worth of refrigerator parts, units, and materials. There is no explanation, either in the testimony or in the argument of counsel, for the discrepancy between the figure of $5,620, claimed in the filed report, as the value of exempt property in storage, and the $80,000 valuation given by respondent's officer at the hearing as the value of its property in storage on the assessing date. Statutes setting out conditions for exemption from taxation are to be strictly construed and complied with. *State, Union Paper Co.* v. *Assessors* (*Supreme Court,* 1906), 73 *N. J. L.* 374; 63 *Atl. Rep.* 1006. Under these circumstances we can allow a deduction from respondent's total of taxable personalty, as hereinabove computed, only to the extent of the property in storage claimed in the filed report, or $5,620.

The judgment of the Essex County Board is accordingly modified, so as to fix the assessment at the remaining taxable balance of $77,266.93.

Judgment accordingly.