STREATOR RECLINING CAR SEAT COMPANY, for use, etc.

*v.*

ROBERT RANKIN *et al.*

*Filed at Ottawa October 29, 1894.*

No question of law being presented by the record in this case, and the findings of fact of the circuit and Appellate Courts being binding and final, the judgment is affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

In the year 1887 the Streator Reclining Car Seat Company was incorporated under the laws of Illinois, with a capital stock of $250,000, divided into 2500 shares, of $100 each. One E. H. Gilfillan, the chief promoter of the enterprise, subscribed for 2495 shares, and W. H. Lukins, J. G. Wilson, H. J. Wood, C. D. Chalfant and George W. Powers, citizens of Streator, each for one share. The company was formed to succeed another company with which Gilfillan had been connected, known as the St. Louis Reclining Car Seat Company. The St. Louis company owned a patent for a reversible car seat, and tools, machinery and apparatus necessary for carrying on the business of manufacturing reclining car seats, and proposed to transfer this property, together with certain contracts with railroad companies for the sale of seats, in payment for the capital stock of the new corporation. In order to interest citizens of Streator in the enterprise and raise money for immediate use, it was proposed to allow such citizens to have 650 shares at $10 per share. Accordingly the stock was issued as paid up, the patent, (rated at $240,000,) the machinery, contracts, etc., (rated at $10,000,) transferred, and various subscribers in Streator became the holders of stock at $10 per share. The enterprise did

not prove a financial success. After operating about two years it suspended business.

In October, 1889, Charles Green recovered judgment in the LaSalle county circuit court for $2902.66 against the corporation. An execution was issued, and returned *nulla bona*. In April, 1890, Green filed the requisite affidavit for garnishee process, and appellees were duly summoned as garnishees. They all denied being indebted to the Streator Reclining Car Seat Company, but admitted that at the time of the service of the garnishee summons they owned stock as follows: Robert Rankin, 25 shares; John Essington, 200 shares; M. J. Luther, 100 shares; Fred W. Lukins, 10 shares; John A. Hayes, 225 shares. William H. Lukins answered that he was an original subscriber for one share, for which he did not pay, but which he surrendered back to the company. He also held 49 shares which he did not receive as an original subscriber. The stock held by the garnishees at the time of service upon them had been obtained through the proposition of the St. Louis company to dispose of 650 shares to Streator parties at $10 per share. The shares had been delivered to them as paid up stock, although each one doubtless understood the mode by which such payment had been accomplished. Judgment was sought against the garnishees because they were the owners of stock which had not been fully paid for. On a trial had by the circuit court, without a jury, there was a finding for appellees, and judgment against appellant for costs.

Messrs. H. N. RYON & SON, for the appellant.

Messrs. REEVES & BOYS, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

In this case, appellees, having been summoned as garnishees, all made answer, denying that they were indebted to the appellant company. Appellant filed its replication denying that appellees had made true and full

discovery, and put in issue the truth of the answers made by them. The issue was found by the trial court in favor of appellees, and judgment rendered accordingly. The judgment of affirmance by the Appellate Court is final as to the facts, and, being conclusive upon this court, the evidence cannot be reviewed by us. No propositions of law were submitted to the trial court to be held as law in the decision of the case, so as thereby to present questions of law to this court, hence we cannot do otherwise than affirm the judgment of the Appellate Court.

*Judgment affirmed.*