## THE EDISON UNITED PHONOGRAPH COMPANY v STATE BOARD OF ASSESSORS.

On proof that the capital stock of a manufacturing company was invested in purchasing the right to manufacture a patented article in New Jersey, in Great Britain, in France, in Germany, in Austria and in other countries, for sale and use only beyond the limits of the United States and Canada, and that the only manufacturing actually carried on under the right is conducted by another company in New Jersey, it will not be inferred that one-half of the capital stock is invested in manufacturing carried on within this state.

On *certiorari*.

Argued at November Term, 1894, before Justices DIXON and LIPPINCOTT.

For the prosecutor, *Cortlandt Parker*.

For the assessors, *William Y. Johnson*.

The opinion of the court was delivered by

DIXON, J.   The only reason formally assigned, and the only argument presented by counsel, for setting aside the taxes assessed in 1891 and 1892 against the prosecutor, under the Corporation Tax act as amended March 16th, 1891 (*Pamph. L.*, p. 150), and March 17th, 1892 (*Pamph. L.*, p. 136), are that the proviso of the statute exempts it as a manufacturing corporation having fifty per centum of its outstanding capital stock invested in manufacturing carried on within this state.

The counsel for the prosecutor regards the matter as decided by the opinion of this court in *Phonograph Co.* v. *Board of Assessors*, 25 *Vroom* 430. But this view is erroneous. Conceding that, according to what was there said, the present prosecutor must be deemed "a manufacturing company carrying on business within this state," because its relations with

the Edison Phonograph Works are similar to those existing between the corporation just named and the North American Phonograph Company, it still remains to be determined whether the prosecutor had, at the date of these assessments, fifty per centum of its outstanding capital stock invested in manufacturing carried on within this state.

As the exemption claimed depends upon the proviso of a statute which, but for the proviso, would reach the prose-. cutor, the burden rests on the prosecutor to show itself to be within the proviso.

According to the evidence laid before us, the prosecutor's capital stock amounted to $1,000,000, of which, at the times when these taxes were levied, $999,000 had been invested in patent rights purchased from Thomas A. Edison and the International Graphophone Company. Under these patent rights, the Edison Phonograph Works was engaged, by contract of March 11th, 1890, with the prosecutor, in manufacturing phonographs and other speaking machines for the prosecutor, at the factory of the "works," in Orange, New Jersey; but no part of the prosecutor's capital was invested in that factory or its operation except as it was invested in the patent rights under which the speaking machines were made, and except that some tools belonging to the prosecutor, and valued at $8,413.10, were used by the "works" in the factory.

Evidently, then, the principal question is as to the amount which the prosecutor had invested in the right which was necessary for the manufacture in New Jersey. To that extent, and to that extent only (outside of the tools before mentioned), can it be fairly said that the prosecutor's capital is invested in manufacturing carried on within New Jersey. So far as it was used in acquiring the right to manufacture elsewhere, it was not invested in manufacturing within this state.

The testimony does not show very plainly what rights they were which the prosecutor acquired for its investment of $999,000, but the fact seems to be that those rights included

the right to manufacture speaking machines in New Jersey, in Great Britain, in France, in Germany, in Austria and in some other countries, and to sell and use such machines only in foreign lands beyond the limits of the United States and Canada. This being the scope of the rights purchased, is it reasonable to infer that one-half of the price was paid for the right to manufacture the machines in New Jersey for sale and use outside of the United States and Canada? The case affords no special data for answering this inquiry, and we are left to general inferences merely.

In view of the fact that all the instruments made in New Jersey must be transported great distances to foreign lands, before they can be sold or used, it would seem that the right to manufacture them here must be of slight value compared with the value of the right to manfacture them in or near to the countries where the market must be found. For example, the right to make them in Great Britain, for sale and use in Great Britain and in continental Europe, is probably more valuable than the right to make them in New Jersey for the same market. And it is reasonable to believe that this is true, likewise, of the right to manufacture in France and in Germany. Since all these rights were acquired by the prosecutor's purchase, we are not at liberty to infer that the major part of the price was paid for the least valuable of the privileges.

Our conclusion is that the prosecutor has not shown that one-half of its capital stock is invested in manufacturing within this state, and therefore has not established its right to exemption from taxation.

No claim for deduction, under the statute, is made either in the reasons filed or in the brief of counsel, and hence that matter need not be considered.

The taxes are affirmed, with costs.