THE AMERICAN MUTOSCOPE COMPANY, PROSECUTOR, v. THE STATE BOARD OF ASSESSORS.

Submitted June 19, 1903—Decided December 8, 1903.

1. Letters-patent, purchased by stock, issued therefor for property purchased, are a part of the invested capital of a corporation.
2. When manufacturing is done under such patents, in this state, they may be considered as a part of the capital invested in manufacturing carried on in this state.

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Vredenburgh, Wall & Van Winkle.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

FORT, J. This writ brings up an assessment made against the prosecutor by the state board of assessors for the year 1898. The capital stock of the prosecutor is $2,000,000, all of which is issued and outstanding. The certificate of organization of the prosecutor was filed December 27th, 1895. The capital stock was all issued in January, 1896.

The whole capital stock of the prosecutor, except $2,500 issued for cash, was issued for property purchased. The property purchased consisted of certain letters-patent of the United States, for which the whole of the capital stock, other than that issued for cash, was issued. Whether the stock issued for property purchased was issued in good faith and for full value is not before us and has not been raised in the briefs.

We shall therefore treat the case as if the stock issued by the prosecutor had been issued for full value. *Donald* v. *American Smelting Company,* 17 *Dick. Ch. Rep.* 729.

The assessment against the prosecutor is sought to be vacated, because, at the time it was laid by the state board of assessors, the prosecutor was not subject to assessment, for the reason that, at that time, more than fifty per centum of its capital stock, issued and outstanding, was invested in manufacturing carried on within this state. *Gen. Stat., p.* 3337, § 260. It is conceded that if this were the fact, that the prosecutor was not subject to assessment. Whether more than fifty per centum of the capital of the prosecutor was invested in manufacturing in this state depends entirely upon the question whether the patents, for which the capital stock

was issued, can be considered as a part of the capital of the prosecutor invested in manufacturing carried on in this state.

It is uncontroverted, under the proof, that the prosecutor has a manufacturing plant in Hoboken in which it is manufacturing the invention patented under its letters-patent, and that practically all its cash, derived from its sales of stock and bonds, is employed in the business so carried on by it at Hoboken; and it is equally clear from the proof that the property purchased capital, viz., its patents, are likewise employed in the manufacturing there conducted.

If patents are the proceeds realized by a company from the sale of its capital stock, then such proceeds must be a part of its invested capital. The patents, in such cases, are surely the returns for the invested capital stock to the extent to which the stock is used to make the purchases. It may be a very poor investment, but it is nevertheless an investment of the capital in patents.

If the patents so purchased represent invested capital, as they undoubtedly do, then but one question remains, namely, is the manufacturing by the prosecutor, under the patents, of the articles protected by the patents, a use of that part of the invested capital, so represented by the patents, in manufacturing carried on in this state?

It is difficult to see why it is not. The patents are used in the business as carried on.

Our Corporation act allows capital stock to be issued for cash or for property purchased. *Pamph. L.* 1896, *p.* 293, §§ 48, 49.

The proceeds of the capital stock sold under the statute for cash or for property are the invested capital of the company. If both the cash and the property purchased, or either of them, of a corporation be used in the business of manufacturing in this state to the extent of at least fifty per centum of the whole invested capital, the statute exempts such a company from the tax imposed in this case. *Gen. Stat., p,* 3337, § 260; *Storage Battery Co.* v. *Board of Assessors,* 31 *Vroom* 66.

We have nothing to do with the policy of the statute or the possible consequences which may flow from this construction of the statute. It is for the legislature to declare policies and enact statutes. The court may only construe them.

We think the proof establishes that at least one-half of the capital of the prosecutor was invested in manufacturing in this state on the 18th day of April, 1898. *Brewing Improvement Co. v. Board of Assessors,* 36 *Vroom* 466.

The assessment is set aside, but without costs.