ALPHA PORTLAND CEMENT CO. v. SCHRATWEISER et al.

(Circuit Court of Appeals, Second Circuit. February 9, 1915.)

No. 163.

CORPORATIONS ⊙⟳232—STOCKHOLDERS' LIABILITY—PAYMENT FOR STOCK IN PROPERTY.

Within Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 56, making every holder of stock not fully paid personally liable to creditors, to an amount equal to the amount unpaid, for debts of the corporation contracted while such stock was held by him, stock may be fully paid in property as well as in cash; and where directors, in issuing stock in payment for patents, exercised their judgment as to the value of the patents and the amount of stock which should be issued, honestly and fairly and without fraud, their judgment was conclusive.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 879, 880, 883, 884, 987; Dec. Dig. ⊙⟳232.]

⊙⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the District Court, Eastern District of New York, dismissing the bill of complaint. The suit is brought by a judgment creditor of the Schratweiser Company of New York, who seeks to enforce the stockholders' liability under section 56 of the Stockholders' Liability Act of New York, and also a liability based on alleged fraud. The opinion of the District Court will be found in 215 Fed. 982.

L. H. Porter, of New York City, for appellant.

Phillips & Avery, of New York City (Frank M. Avery and Edgar J. Phillips, both of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. It seems unnecessary to add anything to Judge Chatfield's discussion of the questions presented. We fully concur in his conclusions. The section relied on provides that a holder of stock not fully paid shall be liable to creditors for the amount unpaid on the stock, provided the debts were contracted while he held the stock. Full-paid stock may be issued for property as well as for cash, and in the absence of fraud in the transaction the judgment of the directors as to the value of the property purchased is made conclusive by the statute. We concur with the District Court in the finding that no fraud is shown.

It is contended here that, irrespective of any intentional fraud, the statute requires an honest exercise of judgment by the directors as to the value of the property purchased at the time of its purchase. Part of this property consisted of patent rights, and it is contended that the directors did not appraise their value. The evidence fails to sustain this last proposition. The value of a patent is in its nature speculative. What it might be worth years after its purchase is of very little probative force, as many causes affect the value of such property. In this case no one would have anticipated that the board of underwriters of New York would make a change in their requirements as to fireproof construction which would make a business conducted under the protection of these patents unprofitable. The directors had no personal knowledge of the value of patents, but the testimony satisfies us that they had before them the opinions of others which might be expected to be reasonably conservative, and that they exercised their judgment as to the amount of stock which should be issued for the whole property honestly and fairly.

The decree is affirmed, with costs.