ATLAS TRAILERS & WATER MUFFLERS, INCORPORATED v. MRS. JANE Y. McCALLUM, SECRETARY OF STATE.

No. 5065.   Decided January 23, 1929.
(12 S. W., 2d Series, 957.)

*Levy, Levy, Barker & Kahn,* for relator.

A valid patent of ascertained value constitutes property within the meaning of the constitution. Article 12, Section 6, Constitution of Texas; Article 1332, Revised Civil Statutes, 1925; 30 Cyc., 819; 20 R. C. L., 1178; Beach v. McKay, 108 Texas, 224, 191 S. W., 557; Kimbell v. Chicago Hydraulic Press Brick Co., 119 Fed., 102; Alpha Portland Cement Co. v. Schratweiser, 221 Fed., 258; Alpha Portland Cement Co. v. Schratweiser, 23 S. Ct. Rep., 850; Alpha Portland Cement Co. v. Schratweiser, 215 Fed., 982; Humaston v. Telegraph Co., 20 Wall., 20; McCormick v. Aultman, 169 U. S., 606; De La Vergne v. Featherstone, 147 U. S., 209.

In answer to the quoted opinion of the Attorney General, the following discussion and additional authorities are respectfully submitted: Cole v. Adams, 92 Texas, 171, 46 S. W., 790; Corpus Juris, Vol 14, pp. 432–434; Beach v. McKay, 108 Texas, 224, 191 S. W., 557; O'Bear-Nester Glass Co. v. Antiexplo Co., 101 Texas, 432, 108 S. W., 967; Rehfuss v. Moore, 19 Atl. 756, 757, 134 Pa., 462, 7 L. R. A., 663; Thomas v. Barthold, 171 S. W., 1071; Whitehill v. Jacobs, 44 N. W., 630, 631, 75 Wis., 474; General Bonding Co. v. Moseley, 110 Texas, 529, 222 S. W., 961; Cook on Corporations, Vol. 1, page 135; Words and Phrases, First Series, Volume 6, page 5714; Vail v. Hammond, 60 Conn., 374, 22 Atl. 954, 25 A. S. R., 330; Ager v. Murray, 105 U. S., 126, 942; Sternbergh v. Duryea Power Co., 161 Fed., 540, 88 C. C. A., 482; Mountain Waterworks Constr. Co. v. Holme, 49 Colo., 412; Streater Reclining Car Seat Co. v. Rankin, 45 Ill. App., 226, 152 Ill., 622, 38 N. E., 910; Edwards v. Bringler Sugar Extracting Co., 27 La. Ann., 118; New Haven Horse Nail Co. v. Linden Spring Co., 142 Mass., 349; Brown v. Weeks, 195 Mich., 27; 161 N. W., 945; Utica Fire Alarm Tel. Co. v. Waggoner Watchman Clock Co., 166 Mich., 618, 132 N. W., 502; American Mutoscope Co. v. State Bd. of Assessors, 70 N. J. L., 172; Way v. American Grease Co., 60 N. J. Eq., 263; Edgerton v. Electric Impr. etc., Co., 50 N. J. Eq., 354; Insurance Press v. Montauk Fire Detecting Wire Co., 83 N. Y. App. Div., 259; Beyrich v. Liebler, 3 N. Y. Supp., 293; Whitlock v. Alexander, 160 N. C., 465; Marles Carved Moulding Co. v. Stulb, 215

Pa., 91; Finletter v. Acetylene Light, etc., Co., 215 Pa., 86; American Tube, etc., Co. v. Hays, 165 Pa. 489.

The rights acquired by those who originally obtained these patents were such as could be legally transferred and assigned so that upon the conveyance thereof to Relator the title, together with the legal rights and privileges flowing therefrom became vested in the corporation. This right of ownership is so positive that the corporation is clothed with the exclusive right to manufacture the products covered by the patents. If anyone attempts to manufacture or sell any article embodying the features protected thereunder, the corporation can enjoin such infringement, and not even the Sovereignty itself is immune from such restraint. These patents are such property that the corporation can sell and dispose of them just as it can any other real or personal property which it may own.

It is true that a patent right is not subject to sale on execution, but it is also conclusively established by the great weight of authority that it may be reached by a suit in equity in the form of a creditor's bill and that an assignment of the patents can thus be compelled by the Court. (Vail v. Hammond, 60 Conn., 374, 22 Atl., 954, 25 A. S. R., 330; Ager v. Murray, 105 U. S., 126.) And in the case of insolvency or bankruptcy the assignee or trustee acquires the patents of the insolvent. So while a patent right is incorporeal personal property, it has the characteristics and incidents of other sorts of property and it is as much entitled to the protection of the courts as is any other character of property.

*Claude Pollard,* Attorney-General, and *D. A. Simmons,* Assistant, for respondent.

The refusal of the Secretary of State to file the tendered amendment was based upon the long-established policy of that Department in refusing to recognize patents as property as that term is used in the Corporation statutes.

Article 12, Section 6, of the Constitution of Texas; Opinion of C. M. Cureton, Assistant Attorney-General, Feb. 16, 1916; Opinion of Geo. E. Christian, Assistant Attorney-General, Dec. 9, 1925; Article 1320, Revised Civil Statutes, 1925; Alpha Portland Cement Co. v. Schratweiser, 221 Fed., 258; American Mutoscope Co. v. State Board, 70 N. J. Law, 172, 56 Atl., 369; Beach v. McKay, 108 Texas, 224, 191 S. W., 557; Brown v. Weeks, 195 Mich., 27, 161 N. W., 945; Constitution of Texas, Art. 12, Sec. 6; Chisholm

v. Forny, 65 Iowa, 333, 21 N. W., 665; Cole v. Adams, 92 Texas, 171, 46 S. W., 790; Cammeyer v. Newton, 94 U. S., 225; Corpus Juris, Vol. XIV, pp. 432–434; De La Vergne Refrigerating Co. v. Featherstone, 147 U. S., 209; Easton National Bank v. American Brick & Tile Co., 70 N. J. Eq., 722; Farrell v. Davis, 161 Pac., 94; Finletter v. Acetylene Light, Heat & Power Co., 215 Pa., 86, 64 Atl., 429; General Bonding Co. v. Moseley, 110 Texas, 529; Gillett v. Chicago Title & Trust Co., 230 Ill., 373; Hills v. Skagit Steel & Iron Works, 122 Wash., 22; Harrison v. Armour, 169 Cal., 787, 147 Pac., 1166; Hunkle v. Soule, 68 Colo., 524, 190 Pac., 536; Kimbell v. Chicago Hydraulic Press Brick Co., 119 Fed., 102; Mountain Waterworks Co. v. Holme, 49 Colo., 412, 113 Pac., 501; National Tube Works Co. v. Gilfillan, 124 N. Y., 302, 26 N. E., 538; O'Bear-Nester Glass Co. v. Antiexplo Co., 101 Texas, 432, 108 S. W., 967; State v. Webb, 97 Ala., 111, 12 So., 377; Van Cleve v. Berkey, 143 Mo., 109, 44 S. W., 743; Ruling Case Law, Vol. XX, pp. 1178–9; Thomas v. Barthold, 171 S. W., 1071; Sessions v. Romadka, 145 U. S., 29; Whitehill v. Jacobs, 75 Wis., 474, 44 N. W., 630; Whitlock v. Alexander, 160 N. C., 465, 76 S. E. 538; Webster v. Webster Refining Co., 36 Okla., 168, 128 Pac., 261.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

This is an original application for a writ of mandamus to compel Mrs. Jane Y. McCallum, Secretary of State, to file an amendment of charter by the relator decreasing its capital stock, the refusal of the Secretary being predicated upon the contention that letters patent issued by the United States to the extent of $50,000 of the slightly larger amount of the capital stock according to the amended charter, is not property within the meaning of our Constitution and statutes affecting the organization of corporations. It is not denied, but admitted, that if the patents may be considered as property within the law they are of the value claimed by the relator.

Article 12, Section 6, of the Constitution is as follows:

"No corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void."

The statutes repeat the provision. So that, the decision must turn upon whether or not the patents, in common parlance, are "property actually received" in the present case.

It has often been held, in fact the authorities are practically unanimous so far as court decisions are concerned, that letters patent are not only property under the general constitutional provisions protecting property rights, but specifically that they constitute such property as that same may be accepted in payment for the capital stock of private corporations. Indeed, the brief for respondent frankly admits that the weight of authority in this country established the rule that patents are property which may be received by a corporation in exchange for its capital stock, provided the patents are of use to the corporation in its business and have an actual value. The authorities supporting this view are numerous and compelling if a different conclusion is not reached because of a situation developed in this State as shown by the answer and brief of respondent to the effect that though there has been no authoritative court decision upon the question, the department of State for many years has interpreted the Constitution and statutes as forbidding the acceptance of such property in payment of shares of capital stock, induced or at least concurred in by opinions from the Attorney General's Department under at least two administrations, which interpretation of existing Constitution and statutes has been followed by a reenactment of the statute in 1925, which carries with it perforce of the usual presumption of intention, the interpretation placed by these departments. In the first of these opinions by the Attorney General it is said:

"Considering the words used in our Constitution with reference to property which may be made the basis of capitalizing a corporation—that is to say, property actually received—I am constrained to believe that the word 'property' must be held to refer to corporeal property: property which is capable of being 'actually received.'

"Letters patent are merely the right or permission of the Government to do some certain thing unimpeded by other persons and, as I view it, can not be 'property actually received.'

"Again, it occurs to the writer that inasmuch as the Supreme Court has held that the property referred to must be property which may be subjected to the payment of the debts of the corporation, that this construction necessarily excludes patent rights from being used to capitalize corporations. For, as suggested in the authorities above cited, and by many others which could be cited, letters patent can not be levied upon by writ of execution. If the Constitution, in using the words 'property actually received,' means property which can be subjected to the payment of debts (and the

Supreme Court has held that this is what it 'does mean), then it necessarily means that it must be property which can be subjected to the payment of debts in the usual and ordinary way, which is by execution rather than by creditor's bill or through the instrumentality of a court of chancery. Again, the property received under the Constitutional provision must be property actually worth the money—worth the money on the market at the time; in other words, it must have a market value. Money is the basis of the capitalization of all corporations, and where property is substituted for it the substitution is permitted only because it is the equivalent of the money, and unless it does have a market value it is not the equivalent of money."

The second opinion, which is a much later one, follows the opinion just referred to and in addition to the authorities therein cited it cites the case of O'Bear-Nester Glass Co. v. Antiexplo Co., 101 Texas, 432, 108 S. W., 967.

The case of O'Bear-Nester Glass Company v. Antiexplo Company can only be useful as an analogy, for it is not the case of a patent at all. On the contrary, it involved an unpatented secret formula which, of course, was properly held to be not property within the meaning of the Constitution and statute. The main reason given in the first opinion to the effect that by "property actually received" letters patent were excluded can not be controlling because the expression "actually received" necessarily must be interpreted in the light of the matter conveyed. Of course, a property right in letters patent is incorporeal intangible property, but likewise so is such a right in mortgages, securities, bonds and the like. Even government bonds, the safest investment to be had, are incorporeal and intangible property, yet no one would think of denying they were exchangeable for the capital stock of any private corporation. Nor can the consideration that property to be acceptable in exchange for capital stock must be such as is capable of being reached by creditors through the ordinary process of execution be decisive of the intention of the framers of our Constitution, for it is apparent no such intention existed broadly, for it is expressly provided that stock may issue in exchange for "labor done," and "labor done" is in no manner subject to be taken upon the demands of creditors.

The reasoning for the opinion is not consistent with the decision of the Supreme Court in Cole v. Adams, 92 Texas, 171, 46 S. W., 790, where a public utility franchise from a city was held to be

property within the law being considered, such a property is not subject to the ordinary process of execution of creditors. But the fact that patents are not subject to the ordinary process of execution will not defeat the intention, if it existed, that property taken in exchange for stock issues should be subject to the demands of creditors, for such property may, in case of insolvency through proper process as by creditor's bill, be sold for the satisfaction of claims.

The letters patent owned by the relator in the present case being property capable of being "actually received" in so far as such property is capable of assignment and possession, under the numerous authorities throughout the country the mandamus should issue unless the reenactment of the statute following its departmental interpretations requires a different holding. If the departmental interpretations were of such a nature and so operated as that property rights have been acquired and fixed thereunder, then the reason for refusing to follow the great weight of authority would exist and might justify a different conclusion. But such is not the case. Property rights have not been acquired, but they have been denied by this interpretation, and if it is not based upon sound reasoning it should be overturned and a proper decision more in keeping with the authorities and the times be made. It is undoubtedly true there are many worthless patents and it is likewise undoubtedly true that there are many very valuable ones. But this is beside the inquiry. The question of value, of course, is not involved; that is wholly for the determination of the Secretary of State. In the present case the question of value is not a disputed one, and the Secretary of State after a most thorough investigation admits the claimed value of $50,000.00.

The following cases hold that patents are property receivable in payment of stock issued by a corporation: Humaston v. Am. Teleg. Co., 20 Wall. (U. S.), 20, 22 L. Ed., 279; Alpha, etc., Co. v. Schratweiser, 221 Fed. 258; Kimbell v. Chicago, etc., Co., 119 Fed., 102; State v. Webb, 110 Ala., 214, 20 So., 462; Harrison v. Armour, 169 Cal., 787, 147 Pac., 1166; Mountain, etc., Co. v. Holme, 49 Colo., 412, 113 Pac., 501; Streater, etc., Co. v. Rankin, 152 Ill., 622, 38 N. E., 910; Edwards v. Bringler, etc., Co., 27 La. Ann., 118; New Haven, etc., Co. v. Linden Spr. Co., 142 Mass., 349, 7 N. E., 773; Brown v. Weeks, 195 Mich., 27, 161 N. W., 945; Moore v. Universal Elev. Co., 122 Mich., 48, 80 N. W., 1015; Utica, etc., Co. v. Waggoner W. C. Co., 166 Mich., 618, 132 N. W.,

502; American, etc., Co. v. Board, 70 N. J. L., 172, 56 Atl., 369; Way v. American Grease Co., 60 N. J. Eq., 263, 47 Atl., 44; Insurance Press v. Montauk F. D. W. Co. (N. Y.), 178 N. Y., 623, 70 N. E., 1100; Whitlock v. Alexander, 160 N. C., 465, 76 S. E., 538; Farrell v. Davis, 85 Ore., 213, 161 Pac. 94; Marles, etc., Co. v. Stulb, 215 Pa., 91, 64 Atl., 431; Finletter v. Acetylene L. H. & P. Co., 215 Pa., 86, 64 Atl., 429; Whitehill v. Jacobs, 75 Wis., 474, 44 N. W., 630. See also: Fletcher Cyc. Corp., Vol. 5, sec. 3507; Cammeyer v. Newton, 94 U. S., 225, 24 L. Ed., 72; De La Vergne, etc., Co. v. Featherstone, 147 U. S., 209, 37 L. Ed., 138; Sessions v. Romadka, 145 U. S., 29, 36 L. Ed., 609.

We therefore recommend that the writ of mandamus do issue as prayed for.

Opinion of Commission of Appeals adopted and mandamus awarded.

*Thos. B. Greenwood,* Associate Justice.
*Wm. Pierson,* Associate Justice.

Chief Justice Cureton not sitting.